MEMORANDUM **
Julian Cami, a native and citizen of Albania, petitions for review of the Board of Immigration Appeals’ denial of his application for asylum and withholding of removal. We deny the petition.
The BIA’s determination that an alien is not eligible for asylum must be upheld if “ ‘supported by reasonable, substantial, and probative evidence on the record considered as a whole.’ ” INS v. Elias-Zacarias, 502 U.S. 478, 481, 112 S.Ct. 812, 815, 117 L.Ed.2d 38 (1992). “It can be reversed only if the evidence presented ... was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed.” Id. When an alien seeks to overturn the BIA’s adverse determination, “he must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution.” Id. at 483-84, 112 S.Ct. at 817; see also Ghaly v. INS, 58 F.3d 1425, 1429 (9th Cir.1995). Credibility determinations are judged by the same basic standard. See Wang v. INS, 352 F.3d 1250, 1253 (9th Cir.2003); Gui v. INS, 280 F.3d 1217, 1225 (9th Cir. 2002); Cordon-Garcia v. INS, 204 F.3d 985, 990 (9th Cir.2000); de Leon-Barrios v. INS, 116 F.3d 391, 393 (9th Cir.1997). In that area, however, we have added that the determination “ ‘must be supported by a specific, cogent reason.’ ” de Leon-Barrios, *916 116 F.3d at 393; see also Gui, 280 F.3d at 1225. However, a single reason going to the heart of the claim will suffice. See Wang, 352 F.3d at 1259.
Here Cami’s claims fail. The Immigration Judge’s decision was the final agency determination, and the IJ found that Cami was not credible. We are unable to say that the IJ’s decision was not supported by substantial evidence in the record. For example, Cami’s statements about his passports cast doubt upon his credibility; they even indicated that he was presenting falsehoods to the IJ at the hearing itself. See Oropeza-Wong v. Gonzales, 406 F.3d 1135, 1148 (9th Cir.2005). Moreover, his claim that he was in danger because his persecutors were looking for him during the year that he remained in Albania was, on this record, dubious to say the least. Also, two grounds relied upon by the IJ in the credibility decision—the ease with which Cami’s family could obtain his military records and his nonresponsiveness—were not challenged by briefing on appeal. See Martinez-Serrano v. INS, 94 F.3d 1256, 1260 (9th Cir.1996). Thus, even if some of the grounds stated by the IJ were not sufficient, we cannot say that “no reasonable factfinder could fail to find” Cami credible. Elias-Zacarias, 502 U.S. at 484, 112 S.Ct. at 817. We, must, therefore uphold the denial of asylum.[1]
Finally, given the lack of credibility finding, we also hold that this record does not compel a determination that Cami is more likely than not to be tortured in Albania. Thus, the Convention Against Torture[2] provides him no relief. See Farah v. Ashcroft, 348 F.3d 1153, 1157 (9th Cir.2003); Kamalthas v. INS, 251 F.3d 1279, 1283 (9th Cir.2001); see also Nuru v. Gonzales, 404 F.3d 1207, 1224 (9th Cir.2005) (“torture is more severe than persecution”).
Petition DENIED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

. Because Cami did not meet the eligibility requirements for asylum, he also failed to meet the well-founded fear requirement for withholding of removal under 8 U.S.C. § 1231(b)(3). See Ghaly, 58 F.3d at 1429.

. United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, adopted Dec. 10, 1984, S. Treaty Doc. No. 100-20, 1465 U.N.T.S. 85.